# CIRCUIT COURT OF FAIRFAX COUNTY

Commonwealth of Virginia

v.

Jose Romero

November 5, 1997

Case No. K 92377

BY JUDGE DENNIS J. SMITH

This case was heard on October 10, 1997, at which time the Court did not decide all aspects of the pending Motion to Suppress. By subsequent communication during the week of October 13, 1997, the Court denied the remaining portions of the Motion to Suppress, and as the Court did not have an opportunity to explain its rulings in open court, the following is an elaboration on the Court's rulings with regard to the matters which had been taken under advisement. This opinion specifically does not address any request for suppression of evidence based upon claims that the warrant issued in California was invalid or that evidence was seized which was outside the scope of the warrant as no motion in that regard was pending at the time of the hearing.

## I. *Incriminating Statement Made to Detective Walker*

The Fifth Amendment of the United States Constitution, as applied to the states through the Fourteenth Amendment, provides that no person shall be compelled to be a witness against himself in a criminal trial. Before a government official begins a custodial interrogation of the accused, the accused must be advised of his *Miranda* rights. *See, Duckworth v. Eagan,* 492 U.S. 195 (1989). "Custodial interrogation" is questioning initiated by law enforcement officials after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way. *See, Lanier v. Commonwealth,* 10 Va. App. 541, 543, 394 S.E.2d 495, 497 (1990).

The term "interrogation" refers not only to express questioning but also to any words or actions on the part of the police that the police should know are reasonably likely to elicit incriminating responses from the suspect. *See, Rhode Island v. Innis*, 446 U.S. 291 (1980). However, *Miranda* warnings are not required to be given when the accused makes a spontaneous or voluntary statement before any interrogation has begun. *See, Massie v. Commonwealth*, 211 Va. 429, 177 S.E.2d 615 (1970).

Detective Walker entered the California jail and introduced himself to Mr. Romero mentioning that he was a detective from Virginia. At that point Mr. Romero stated, "I've never been in Virginia." This statement was not made in response to any question or statement by Detective Walker designed or intended to elicit a response. Although Mr. Romero was in "custody," no government "interrogation" had begun when Mr. Romero stated, "I've never been to Virginia." The Court finds that Mr. Romero made a voluntary statement prior to any governmental interrogation, and therefore, Detective Walker was not required to administer *Miranda* warnings. For these reasons, Defendant's Motion to Suppress Mr. Romero's statement regarding his presence in Virginia is denied.

## II. *Evidence of Mr. Romero's Tattoo: Fifth Amendment Claim*

The privilege against self-incrimination under Virginia law and the Fifth Amendment is limited to testimonial or communicative evidence. *See, Farmer v. Commonwealth*, 10 Va. App. 175, 181, 390 S.E.2d 775, 781 (1990); *Shumate v. Commonwealth*, 207 Va. 877, 153 S.E.2d 243 (1967). Testimonial evidence is evidence which reveals the subject's knowledge or thoughts concerning some fact. *See Farmer*, 10 Va. App. at 181.

By corollary, this privilege does not apply to non-testimonial evidence. *See id.* at 182. For example, taking handwriting or voice exemplars and requiring the production of documents have routinely been held not to be protected by the Fifth Amendment. *See Gilbert v. California*, 388 U.S. 263 (1967) (handwriting and voice exemplars); *see Fisher v. United States*, 425 U.S. 391, 410-11 (1975) (document production). In *Gilbert*, 388 U.S. at 266-67, the Supreme Court held that "a mere handwriting exemplar, in contrast to the content of what is written, like the voice or body itself, is an identifying physical characteristic outside [the Fifth Amendment's] protection." *Id.* The Court further explained that the privilege does not apply to communications which make "a suspect or accused the source of real or physical evidence." *Id.* quoting *Schmerber*, 384 U.S. at 763-64.

The act of lifting his shirt and exposing the tattoo on his chest did not reveal Mr. Romero's knowledge or thoughts. Instead Mr. Romero's act simply displayed a physical characteristic. As the Supreme Court found in *Gilbert*, this Court finds that Mr. Romero's act of revealing his tattoo is not testimony evidence but merely a source of physical evidence.

The Supreme Court has also held that the mere act of producing documents does not involve testimonial self-incrimination. *See Fisher*, 425 U.S. at 410-11 (holding that being compelled to produce incriminating tax documents is not prohibited by the Fifth Amendment). The Court reasoned that the documents were voluntarily prepared before the defendant was compelled to produce them, and therefore merely producing the documents did not implicate the defendant's thoughts or knowledge. *See id.*

It is argued here that Mr. Romero's tattoo revealed his thoughts about his identity because the tattoo disclosed what appears to be his nickname. This argument parallels the arguments made in the document production cases. Just as the documents were voluntarily prepared prior to governmental compulsion in the *Fisher* case, Mr. Romero voluntarily tattooed himself prior to Detective Walker's request for the physical evidence. Therefore, the mere act of displaying his tattoo does not reveal Mr. Romero's knowledge or thoughts, does not constitute testimonial evidence, and is not afforded Fifth Amendment protection. For these reasons, Defendant's Motion to Suppress evidence of Mr. Romero's tattoo is denied.

### III. *Evidence of Mr. Romero's Tattoo: Fourth Amendment Claim*

The Defendant also sought suppression of the blood drawn from him on the basis that it was obtained pursuant to an unreasonable, warrantless search. After filing that Motion, the Defendant learned that a warrant had been issued by a California judge. The Defendant then moved to withdraw the Motion to Suppress the blood sample, and the Court granted Defendant's motion to withdraw.

The Defendant did, however, proceed to request suppression of the tattoo found on his person alleging that the tattoo was discovered pursuant to an unreasonable, warrantless search. When the tattoo was displayed to Detective Walker, Mr. Romero was an inmate in Folsom prison in California. As an inmate, his legitimate expectancy of privacy is severely diminished. *See, Archer v. Commonwealth*, 20 Va. App. 87, 90, 455 S.E.2d 280, 283 (1995). Additionally, he voluntarily lifted his shirt to reveal the tattoo; therefore, the search was consensual. *See, Limonja v. Commonwealth*, 8 Va. App. 532, 540, 383 S.E.2d 476, 484 (1989). The Court finds that there was no violation of

Mr. Romero's reasonable expectation of privacy and that Mr. Romero voluntarily exposed the tattoo to view. For the foregoing reasons, the Defendant's request for suppression of evidence regarding Mr. Romero's tattoo based upon its discovery pursuant to an unreasonable, warrantless search in violation of his Fourth Amendment rights is denied.